## Cleveland, C., C. & St. L. Ry. Co. v. Olive S. Case.

1. RAILROADS—*Liability of, for Damages Caused by Fires Set by Sparks from a Locomotive.*—To overcome a *prima facie* case made by a plaintiff in a suit against a railroad company to recover damages for the destruction of property by fire, set by sparks from a locomotive engine belonging to the defendant, it is necessary to show that the engine was being properly handled at the time the fire was communicated to the plaintiff's property.

2. SAME—*Evidence as to Spark Arresters in Suits to Recover for Injuries Caused by Fire.*—In a suit against a railroad company to recover damages for the destruction of property by fire set by sparks from a locomotive, certain appliances used in locomotives for the purpose of arresting sparks were inspected by the jury by consent. At the close of the evidence the defendant offered the following instruction: "You have been permitted during this trial to view and inspect a screen or perforated plate, for the purpose of enabling you to better, understand the facts of the case, but I now instruct you that you are not to consider any fact observed by you while making such inspection, or any inference which you may have drawn from such inspection, as evidence upon any question in this case." *Held,* that under the circumstances the instruction was properly refused.

**Trespass on the Case,** for injuries caused by fire. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

S. O. BAYLESS, attorney for appellant; JOHN T. DYE and THOS. P. BONFIELD, of counsel.

H. K. WHEELER, attorney for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case to recover damages for the destruction of property owned by appellee, in consequence of being set on fire by sparks escaping from one of appellant's locomotive engines at the village of Waldron, in Kankakee county, about 8:30 o'clock on the evening of October 12, 1896.

There was a trial by jury, and a verdict in favor of appellee for $520, upon which the court entered judgment after overruling a motion for new trial, and appellant brings the cause to this court.

It is not disputed that appellee's property was destroyed as alleged in the declaration, but the defenses set up by appellant are, first, that the locomotive was equipped with the best known appliances to prevent the escape of fire or sparks therefrom; second, that it was in good repair; and third, that the engine was skillfully and carefully handled by a competent engineer. It is substantially conceded, that if these facts be proven, they constitute a complete defense to the *prima facie* case made out by appellee, it having been proven that the fire was caused by sparks escaping from the locomotive engine of appellant. But, however the engine may have been equipped for arresting sparks, and whether the best known appliances were used for that purpose or not, we think the evidence shows that the engine itself, at the time it set the fire, was out of repair. The testimony of the engineer who was running the engine on the night of the fire, shows that said engine came out of the shops after a

general overhauling, on October 1st. That on October 4th he reported it as not making steam, and that from that date to October 24th, it did not make steam properly for some reason which he could not explain. On the night of the fire, while passing through the village of Waldron and drawing a heavy freight train up grade, the evidence shows the engine was working or laboring so hard as to probably overcome the power of the spark arrester to prevent the fire from escaping. That the sparks did escape and set fire to appellee's premises, is beyond question, and as we have said, is not disputed. It would seem to follow that something was out of order, and not in proper repair, or that the engine was not properly handled. The only evidence as to the competency of the engineer is the testimony of the fire-man. He and the engineer each swear to the other's competency, but neither swear that at the time the fire was communicated to appellee's property, the engine was being properly handled. We find no such proof in the record, and in its absence the jury had the right to say that appellee's *prima facie* case was not overcome.

We think there was no error in giving to the jury instruction No. 7, at the instance of appellee.

On the trial of the cause, certain appliances used in locomotives for the purpose of arresting sparks, consisting of a wire netting as used in some engines, and a perforated plate as used in others, were produced by counsel for appellant for the inspection of the jury, and by consent were so inspected, and by like consent were taken by the jury to their room when they retired to consider of their verdict. Appellant, in view of these facts, asked the court to give to the jury the following instruction, viz.:

No. 21. You have been permitted during this trial to view and inspect a screen, or perforated plate, for the purpose of enabling you to better understand the facts of the case, but I now instruct you that you are not to consider any fact observed by you while making such inspection, or any inference which you may have drawn from such inspection, as evidence upon any question in this cause.

But the court refused to give such instruction, and this is assigned for error.

Under the circumstances named, we think it was not error to refuse the instruction.

We are of the opinion there was no error in allowing testimony as to the value of the house destroyed. There is no complaint either in the assignment of errors, or in the argument of counsel, that the damages are excessive, and even if the evidence were improper, it could have done no harm.

The error, if any existed, in allowing testimony concerning the throwing of sparks by the engine before it went into the shops, was not of so serious a character as to require a reversal of the judgment for that cause alone.

Finding no reversible error in the record, the judgment will be affirmed.